# In the
# United States Court of Appeals
## for the Eighth Circuit

FEDERAL HOME LOAN MORTGAGE CORPORATION,

*Plaintiff-Appellee,*

v.

ANGELBERTO CONTRERAS AND MAYA RODRIGUEZ,

*Defendants-Appellants.*

Appeal from the United States District Court
for the District of Minnesota, No. 0:13-cv-00897-ADM-AJB.
The Honorable **Ann D. Montgomery**, Judge Presiding.

## APPELLEE'S BRIEF

BRIAN MELENDEZ
DYKEMA GOSSETT PLLC
4000 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
(612) 486-1589
bmelendez@dykema.com

*Attorney for Plaintiff-Appellee*
*Federal Home Loan Mortgage Corporation*

 

Appellate Case: 13-3270    Page: 1    Date Filed: 01/16/2014 Entry ID: 4114536

Case No. 13-3270

UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

_____

Federal Home Loan Mortgage Corporation,

Plaintiff-Appellee,

v.

Angelberto Contreras, Mayra Rodriguez, John Doe, and Mary Roe,

Defendant-Appellants.

_____

Appeal from the United States District Court
for the District of Minnesota

_____

**PLAINTIFF-APPELLEE FEDERAL HOME LOAN MORTGAGE CORPORATION'S
CORPORATE DISCLOSURE STATEMENT**

_____

Pursuant to Rule 26.1, Plaintiff-Appellee Federal Home Loan Mortgage Corporation states that it is a Congressionally chartered corporation. It is not a subsidiary or affiliate of any other corporation. No publicly held corporation owns 10 percent or more of its stock.

1

November 14, 2013.

DYKEMA GOSSETT PLLC

s/ Brian Melendez

_____

Brian Melendez, Minn. License No.
   0223633
4000 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55403
Ph. 612.486.1589
Fax 877.599.6688
bmelendez@dykema.com

Attorney for Plaintiff-Appellee
   Federal Home Loan Mortgage
   Corporation

2

## Certificate of Service

I hereby certify that on November 14, 2013, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

November 14, 2013.

DYKEMA GOSSETT PLLC

s/ Brian Melendez

_____

Brian Melendez, Minn. License No. 0223633
4000 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55403
Ph. 612.486.1589
Fax 877.599.6688
bmelendez@dykema.com

Attorney for Plaintiff-Appellee Federal Home Loan Mortgage Corporation

# Table of Contents

Corporate Disclosure Statement

Table of Contents ............................................................... i

Table of Authorities .......................................................... ii

Jurisdictional Statement ................................................... ix

Statement of the Issues .................................................... 1

Statement of the Case ...................................................... 2

    I.    Factual Background and Procedural History .............. 2

    II.   Rulings Below ................................................. 4

Summary of the Argument .............................................. 5

Argument ........................................................................ 8

    I.    The Standard of Review Is for Abuse of Discretion ...... 8

    II.   The District Court's Jurisdiction Is Not In Dispute. .... 9

    III.   The District Court Did Not Abuse Its Discretion When It Remanded This Case to the State Court. ................ 10

        A.   Minnesota's statutory scheme for post-foreclosure eviction is better suited for state-court adjudication. ...................................................... 13

        B.   The Appellants and their attorney are attempting to use the federal courts as a means of frustrating Minnesota's statutory scheme............................ 20

    IV.   This Court Should Disregard the Appellants' Untimely and Inapt "Request for Judicial Notice." ..................... 25

Conclusion ..................................................................... 27

Certificate of Compliance with Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

Statement That Brief Is Virus-Free

Certificate of Service

Appellate Case: 13-3270   Page: 5   Date Filed: 01/16/2014 Entry ID: 4114536

# Table of Citations

## Cases

*Adorno v. CitiMortgage, Inc.*,
  509 F. App'x 563 (8th Cir. 2013) ................................................ 21

*Anderson v. CitiMortgage, Inc.*,
  No. 12-3032 (8th Cir.) .............................................................. 21

*Anderson v. CitiMortgage, Inc.*,
  No. 12-3835 (8th Cir.) .............................................................. 21

*Blaylock v. Wells Fargo Bank, N.A.*,
  502 F. App'x 623 (8th Cir. 2013) .........................................21, 22

*In re Butler*,
  No. 13-9013 (8th Cir. Dec. 26, 2013) ...................................22, 24

*Butler v. Fed. Nat'l Mortg. Ass'n*,
  No. 13-2081 (8th Cir.) .............................................................. 21

*Cartier v. Wells Fargo Bank, N.A.*,
  No. 12-2884 (8th Cir.) .............................................................. 21

*City of Jefferson City, Mo. v. Cingular Wireless, LLC*,
  531 F.3d 595 (8th Cir. 2008) ...................................................... 8

*CPG Fin. I, L.L.C. v. Shopro, Inc.*,
  No. 06-3015-CV-S-RED, 2006 WL 744275 (W.D. Mo. Mar. 22,
  2006) ...................................................................................... 12

*DuBe v. Fed. Nat'l Mortg. Ass'n*,
  No. 13-1791 (8th Cir.) .............................................................. 21

*Dunbar v. WellsFargo Bank, N.A.*,
  709 F.3d 1254 (8th Cir. 2013) ...............................................21, 23

ii

*Fed. Home Loan Mortg. Corp. v. Briggs*,
No. 13-3197 (8th Cir.)................................................................ 21

*Fed. Home Loan Mortg. Corp. v. Briggs*,
No. 13-cv-1243 (D. Minn.) ........................................................ 21

*Fed. Home Loan Mortg. Corp. v. Gerdes*,
No. 13-cv-744 (D. Minn.) .......................................................... 21

*Fed. Home Loan Mortg. Corp. v. Grantz*,
No. 13-3088 (8th Cir.)................................................................ 21

*Fed. Home Loan Mortg. Corp. v. Grantz*,
No. 13-cv-1490 (D. Minn.) ........................................................ 21

*Fed. Home Loan Mortg. Corp. v. Hood*,
No. 13-cv-2634 (D. Minn.) ........................................................ 22

*Fed. Home Loan Mortg. Corp. v. Mitchell*,
No. 13-cv-2821 (D. Minn.) ........................................................ 22

*Fed. Home Loan Mortg. Corp. v. Navarro Cardenas*,
No. 13-cv-2356 (D. Minn.) ........................................................ 22

*Fed. Home Loan Mortg. Corp. v. Smith*,
No. 13-2827 (8th Cir.)................................................................ 21

*Fed. Home Loan Mortg. Corp. v. Smith*,
No. 13-cv-908 (D. Minn.) .......................................................... 21

*Fed. Home Loan Mortg. Corp. v. Stone*,
No. 13-2840 (8th Cir.)................................................................ 21

*Fed. Home Loan Mortg. Corp. v. Stone*,
No. 13-cv-970 (D. Minn.) .......................................................... 21

*Fed. Home Loan Mortg. Corp. v. Ville*,
No. 13-cv-2136 (D. Minn.) ........................................................ 22

Appellate Case: 13-3270     Page: 7     Date Filed: 01/16/2014 Entry ID: 4114536

*Fed. Home Loan Mortg. Corp. v. Xiong*,
No. 13-cv-1333 (D. Minn.) ........................................................ 21

*Fed. Home Loan Mortg. Corp. v. Xiong*,
No. 13-cv-2312 (D. Minn.) ........................................................ 22

*Fed. Nat'l Mortg. Ass'n v. Bullock*,
No. 13-cv-1202 (D. Minn.) ........................................................ 21

*Fed. Nat'l Mortg. Ass'n v. Cottrell*,
No. 13-cv-2051 (D. Minn.) ........................................................ 22

*Fed. Nat'l Mortg. Ass'n v. Foster*,
No. 13-cv-2864 (D. Minn.) ........................................................ 22

*Fed. Nat'l Mortg. Ass'n v. Gear-Fleury*,
No. 13-cv-2389 (D. Minn.) ........................................................ 22

*Fed. Nat'l Mortg. Ass'n v. Guevara*,
No. 13-cv-3603 (D. Minn.) ........................................................ 22

*Fed. Nat'l Mortg. Ass'n v. Guse*,
No. 13-cv-801 (D. Minn.) .......................................................... 21

*Fed. Nat'l Mortg. Ass'n v. Harvey*,
No. 13-cv-2281 (D. Minn.) ........................................................ 22

*Fed. Nat'l Mortg. Ass'n v. Johnson*,
No. 13-cv-2937 (D. Minn.) ........................................................ 22

*Fed. Nat'l Mortg. Ass'n v. Krawza*,
No. 13-cv-3196 (D. Minn.) ........................................................ 22

*Fed. Nat'l Mortg. Ass'n v. Long*,
No. 13-cv-3000 (D. Minn.) ........................................................ 22

*Fed. Nat'l Mortg. Ass'n v. Marin-Yachyrema*,
No. 13-cv-2823 (D. Minn.) ........................................................ 22

Appellate Case: 13-3270     Page: 8     Date Filed: 01/16/2014 Entry ID: 4114536

*Fed. Nat'l Mortg. Ass'n v. Mondragon,*
No. 13-cv-1473 (D. Minn.) ........................................................ 21

*Fed. Nat'l Mortg. Ass'n v. Pliego,*
No. 13-cv-2094 (D. Minn.) ........................................................ 22

*Fed. Nat'l Mortg. Ass'n v. Schmidt,*
No. 13-cv-3620 (D. Minn.) ........................................................ 22

*Fed. Nat'l Mortg. Ass'n v. Torberg,*
No. 13-cv-1522 (D. Minn.) ........................................................ 21

*Fed. Nat'l Mortg. Ass'n v. Von Grewe,*
No. 13-cv-2720 (D. Minn.) ........................................................ 22

*Fed. Nat'l Mortg. Ass'n v. Willhite,*
No. 13-cv-1534 (D. Minn.) ........................................................ 21

*Fed. Nat'l Mortg. Ass'n v. Xiong,*
No. 13-cv-1948 (D. Minn.) ........................................................ 21

*Fed. Nat'l Mortg. Ass'n v. Xiong,*
No. 13-cv-2906 (D. Minn.) ........................................................ 22

*Fed. Nat'l Mortg. Ass'n v. Yang,*
No. 13-cv-2045 (D. Minn.) ........................................................ 21

*Fed. National Mortg. v. Torborg,*
No. 13-3334 (8th Cir.) .............................................................. 21

*Glen 6 Assocs., Inc. v. Dedaj,*
770 F. Supp. 225 (S.D.N.Y. 1991) .......................................... 12

*Homesales, Inc. of Del. v. Greene,*
No. CV 10-3024-CL, 2010 WL 1630469 (D. Or. Mar. 25, 2010) 12

*Huffman v. Pursue, Ltd.,*
420 U.S. 592 (1975) ................................................................. 10

Appellate Case: 13-3270    Page: 9    Date Filed: 01/16/2014 Entry ID: 4114536

*Juidice v. Vail,*
 430 U.S. 327 (1977) ...........................................................11, 16

*Karnatcheva v. JPMorgan Chase Bank, N.A.,*
 704 F.3d 545 (8th Cir. 2013) ..................................................... 21

*Kent v. Bank of Am., N.A.,*
 518 F. App'x 514 (8th Cir. 2013) ........................................21, 23

*Lee v. Fed. Nat'l Mortg. Ass'n,*
 No. 13-2460 (8th Cir.)................................................................ 21

*Lexington Ins. Co. v. Integrity Land Title Co.,*
 721 F.3d 958 (8th Cir. 2013) ...................................................... 8

*Logan v. U.S. Bank N.A.,*
 722 F.3d 1163 (9th Cir. 2013) ..............................................18, 19

*McGlory v. CitiMortgage, Inc.,*
 No. 13-2513 (8th Cir.)................................................................ 21

*Morse v. Frederick,*
 551 U.S. 393 (2007) (Breyer, J., concurring in part and
 dissenting in part) ..................................................................... 9

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,*
 460 U.S. 1 (1983) ........................................................................ 8

*MRM Mgmt. Co. v. Ali,*
 No. 97 CV 1029(SJ), 1997 WL 285043 (E.D.N.Y. May 27, 1997)12

*New Orleans Pub. Serv., Inc. v. Council of City of New Orleans
 ("NOPSI"),*
 491 U.S. 350 (1989) .................................................10, 11, 16, 17

*PDK Labs. Inc. v. U.S. Drug Enforcement Admin.,*
 362 F.3d 786 (D.C. Cir. 2004) (Roberts, J., concurring) ............ 9

*Pennzoil Co. v. Texaco Inc.,*
 481 U.S. 1 (1987) ...................................................................11, 16

vi

*Pope v. Fed. Home Loan Mortg. Corp.*,
No. 13-2412 (8th Cir.).................................................................. 21

*Printz v. United States*,
521 U.S. 898 (1997) .................................................................. 17

*Quackenbush v. Allstate Ins. Co.*,
517 U.S. 706 (1996) ............................................................11, 17

*Quale v. Aurora Loan Servs., LLC*,
No. 13-2555 (8th Cir.).................................................................. 21

*Richter v. Fed. Nat'l Mortg. Ass'n*,
No. 13-2524 (8th Cir.).................................................................. 21

*Robinson v. Bank of Am., N.A.*,
No. 13-1443 (8th Cir.).................................................................. 21

*Schumacher v. Fed. Home Loan Mortg. Corp.*,
No. 13-2570 (8th Cir.).................................................................. 21

*SKS & Assocs. v. Dart*,
619 F.3d 674 (7th Cir. 2010) ..................................................... 11

*Sprint Commc'ns, Inc. v. Jacobs*,
571 U.S. ___, slip op., No. 12–815, 2013 WL 6410850 (U.S. Dec.
10, 2013) .......................................................................10, 11, 16

*Stilp v. HSBC Bank USA, N.A.*,
No. 13-1666 (8th Cir.).................................................................. 21

*Thao-Xiong v. Am. Mortg. Corp.*,
No. 13-2803 (8th Cir.).................................................................. 21

*Value Properties, LLC v. Dunbar*,
No. A12-0646, 2012 WL 5896824 (Minn. Ct. App. Nov. 26, 2012)14

*Warner v. Chase Home Fin., LLC*,
No. 13-1756 (8th Cir.).................................................................. 21

Appellate Case: 13-3270    Page: 11    Date Filed: 01/16/2014 Entry ID: 4114536

*Welk v. Bank of Am., N.A.,*
No. 12-3219 (8th Cir.) ................................................................ 21

*Welk v. Fed. Nat'l Mortg. Ass'n,*
No. 13-2338 (8th Cir.) ................................................................ 21

*Welk v. GMAC Mortg., LLC,*
720 F.3d 736 (8th Cir. 2013) ............................................. 21, 23

*Welk v. GMAC Mortg., LLC,*
850 F. Supp. 2d 976 (D. Minn. 2012), *aff'd*, 720 F.3d 736 (8th
Cir. 2013) .............................................................................. 24

*Xiong v. Bank of America, N.A.,*
No. 12-3592 (8th Cir.) ................................................................ 21

## Statutes

Minn. Stat. § 504B ...................................................................... 13

Minn. Stat. § 504B.001, subd. 4 .................................................. 13

Minn. Stat. § 504B.321, subd. 1(d) .............................................. 14

Minn. Stat. § 504B.335(a) ............................................................ 14

Minn. Stat. § 504B.345, subd. 1(a) ......................................... 15, 17

Minn. Stat. § 504B.365, subd. 1(a) .............................................. 15

Minnesota Statutes chapter 504B................................................ 14

Protecting Tenants at Foreclosure Act of 2009 ...................... 18, 20

## Other Authorities

Fed. R. App. P. 28(j) .................................................................... 26

Fed. R. Civ. P. 12(a)(1)(A)(i) ....................................................... 16

Appellate Case: 13-3270    Page: 12    Date Filed: 01/16/2014 Entry ID: 4114536

## Jurisdictional Statement

The District Court had jurisdiction over this case pursuant to 12 U.S.C. § 1452(f)(2), 28 U.S.C. § 1345, and 28 U.S.C. § 1441. This appeal was taken from an order for remand that was entered on October 1, 2013, which is appealable under the doctrine announced in *Quackenbush v. Allstate Insurance Co.,* 517 U.S. 706, 711-15 (1996). Appellants filed their notice of appeal with the District Court's clerk on October 15, 2013. This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

Appellate Case: 13-3270     Page: 13     Date Filed: 01/16/2014 Entry ID: 4114536

## Statement of the Issues

Did the District Court abuse its discretion in abstaining from exercising its jurisdiction when it remanded this post-foreclosure eviction action to the state court? *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. ___, No. 12–815, 2013 WL 6410850 (U.S. Dec. 10, 2013); *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350 (1989); *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1 (1987); *Juidice v. Vail*, 430 U.S. 327 (1977).

Appellate Case: 13-3270    Page: 14    Date Filed: 01/16/2014 Entry ID: 4114536

## Statement of the Case

Minnesota has enacted a statutory scheme for post-foreclosure eviction actions that depends upon its courts and law enforcement to function in a way for which the federal courts are not well suited. Recognizing that "[e]viction actions are fundamentally a matter of state law" and that "[t]here is no federal interest in retaining the proceedings or federal right at stake, and there is no apparent prejudice in the action proceeding in state court," (App. at 9), the District Court, *sua sponte*, remanded this eviction action, which was removed from the state court by Appellants.

## I.    Factual Background and Procedural History

This action concerns real property located at 3942 Fifth Avenue South in Minneapolis, Hennepin County, Minnesota. On June 28, 2007, Angelberto Contreras and Maya Rodriguez executed a mortgage on the property. (Sanchez Aff., ¶ 3 at 1 & Ex. A.) The mortgage was foreclosed by advertisement, (Sanchez Aff.,

Appellate Case: 13-3270    Page: 15    Date Filed: 01/16/2014 Entry ID: 4114536

¶ 5 at 2 & Ex. C), and, on September 7, 2012, sold at a sheriff's sale, (App. at 17–26). On September 12, 2012, the sheriff's certificate of sale was registered with the Hennepin County Registrar of Titles, (App. at 17–26), and was later assigned to the Federal Home Loan Mortgage Corporation ("Freddie Mac"), (App. at 28–29). On December 10, 2012, that assignment was registered with the Hennepin County Registrar of Titles. (App. at 27–29.)

Mr. Contreras and Ms. Rodriguez did not redeem the property from the sheriff's sale, (Sanchez Aff., ¶ 8 at 2 & Ex. F), and the redemption period has expired. But Mr. Contreras and Ms. Rodriguez remain in possession.

On April 11, 2012, Freddie Mac filed an eviction action against Mr. Contreras and Ms. Rodriguez in the Hennepin County District Court seeking possession of the property. On April 19, 2012, Mr. Contreras and Ms. Rodriguez removed this action to the United States District Court for the District of Minnesota.

On June 14, 2013, Freddie Mac filed a motion for summary judgment.

3

## II.  Rulings Below

On August 29, 2013, the Magistrate Judge entered an order remanding the case to state court, writing that "[i]t is this Court's determination that *sua sponte* remand is appropriate without consideration of Plaintiff's motion for summary judgment." (App. at 6.) Mr. Contreras and Ms. Rodriguez objected to the Magistrate Judge's order. On October 1, 2013, the District Judge overruled their objection and adopted the Magistrate Judge's order. (App. at 11–12.)

Appellate Case: 13-3270    Page: 17    Date Filed: 01/16/2014 Entry ID: 4114536

## Summary of the Argument

A district court may abstain from exercising jurisdiction without first determining whether it has jurisdiction. Further, a district court may abstain and remand a case to state court when it determines that principles of comity warrant abstention.

Whether the District Court had subject-matter jurisdiction over this action is not in dispute.[1] And a district court may consider abstention — and then abstain — without first determining its own jurisdiction. Indeed, the United States Supreme Court adopted a similar approach in its most recent case regarding abstention, diving directly into its analysis regarding the lower court's abstention without first determining whether the lower court had jurisdiction. Thus, the District Court did not err by considering abstention without first determining whether it had jurisdiction in the first instance.

---

[1]Freddie Mac did not challenge the District Court's jurisdiction below, and does not do so on appeal.

5

Further, the District Court did not abuse its discretion by electing to abstain from exercising jurisdiction over this eviction action. Minnesota has enacted a statutory scheme for post-foreclosure eviction proceedings that depends upon its courts and law enforcement to function in a way for which the federal courts are not well suited. A process that is designed to take place over a matter of weeks may take months, if not years, if adjudicated in federal court. Such a delay frustrates the state courts' ability to perform their judicial functions.

The frustration to Minnesota's statutory scheme is even more apparent because this action is a *post*-foreclosure eviction, and Freddie Mac's right to title has already been determined in the foreclosure itself, as evidenced by the sheriff's certificate of sale — which, under Minnesota law, is "prima facie evidence of title in fee thereunder in the purchaser at [the sheriff's] sale, the purchaser's heirs or assigns, after the time for redemption therefrom has expired."

Appellate Case: 13-3270     Page: 19     Date Filed: 01/16/2014 Entry ID: 4114536

Appellants are among many former borrowers represented by William B. Butler, who has removed numerous post-foreclosure eviction actions to federal court in a calculated and deliberate attempt to frustrate Minnesota's statutory scheme and to delay the eviction, effectively burdening the federal judiciary's limited resources. The abstention doctrine is available precisely in order to avoid such an absurd misallocation of federal and state power and resources. In fact, federal courts around the nation have abstained from exercising their jurisdiction in such cases, and the District Court did not abuse its discretion by doing so here.

Appellate Case: 13-3270    Page: 20    Date Filed: 01/16/2014 Entry ID: 4114536

## Argument

On appeal, Appellants argue that the District Court erred by not considering its jurisdiction before it abstained, and that it erred when it remanded the case. Both arguments fail.

## I. THE STANDARD OF REVIEW IS FOR ABUSE OF DISCRETION.

This Court reviews a district court's order of remand for abuse of discretion. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 19 (1983) ("the decision whether to defer to the state courts is necessarily left to the discretion of the district court in the first instance"); *Lexington Ins. Co. v. Integrity Land Title Co.*, 721 F.3d 958, 968 (8th Cir. 2013) ("We review for abuse of discretion the district court's denial of Fidelity's motion for a stay in this declaratory judgment action."); *City of Jefferson City, Mo. v. Cingular Wireless, LLC*, 531 F.3d 595, 599 (8th Cir. 2008) ("We review the district court's decision regarding whether to abstain for abuse of discretion.").

Appellate Case: 13-3270    Page: 21    Date Filed: 01/16/2014 Entry ID: 4114536

## II. THE DISTRICT COURT'S JURISDICTION IS NOT IN DISPUTE.

Freddie Mac does not dispute on appeal, and did not dispute below, that the District Court had subject-matter jurisdiction over this action. The District Court remanded the case *sua sponte*. (App. at 6.)

That it did so, without first determining whether it had jurisdiction, is not a point of error. If a court concludes that abstention is the appropriate course, then an inquiry into jurisdiction is unnecessary, and the "'cardinal principle of judicial restraint' is that 'if it is not necessary to decide more, it is necessary not to decide more.'" *Morse v. Frederick*, 551 U.S. 393, 431 (2007) (Breyer, J., concurring in part and dissenting in part) (quoting *PDK Labs. Inc. v. U.S. Drug Enforcement Admin.*, 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J., concurring)). The Supreme Court's most recent case about abstention, decided shortly after the Appellants filed their brief, takes a similar approach and dives directly into the issue of abstention while

9

simply assuming that jurisdiction is present. *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. ___, slip op. at 6, No. 12–815, 2013 WL 6410850, at *5 (U.S. Dec. 10, 2013) ("Neither party has questioned the District Court's jurisdiction . . . and rightly so.").

## III. THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION WHEN IT REMANDED THIS CASE TO STATE COURT.

A federal court may "refus[e] to decide a case in deference to the States" in "three types of proceedings" where certain "'exceptional circumstances' exist." *Sprint Commc'ns, Inc. v. Jacobs,* 571 U.S. ___, slip op. at 7, No. 12–815, 2013 WL 6410850, at *6 (U.S. Dec. 10, 2013) (quoting *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans ("NOPSI")*, 491 U.S. 350, 368 (1989)). Those types of proceedings include (1) "federal intrusion into ongoing state criminal proceedings," *id.*, slip op. at 8 (citing *NOPSI*, 491 U.S. at 368), (2) "certain 'civil enforcement proceedings,'" *id.* (citing *NOPSI*, 491 U.S. at 368 (citing, *e.g., Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975))), and (3) "civil

10

proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions," *id.* (citing *NOPSI*, 491 U.S. at 368 (citing *Juidice v. Vail*, 430 U.S. 327, 336 n. 12 (1977); *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 13 (1987))).

The third category covers cases where "the State's interests in the proceeding are so important that exercise of the federal judicial power would disregard the comity between the States and the National Government." *Pennzoil*, 481 U.S. at 11. These cases may "vindicate and preserve the private interests of competing litigants" — even though "its purpose is by no means spent upon purely private concerns." *Id.* at 13 (quoting *Juidice*, 430 U.S. at 336 n. 12). The "importance to the States of enforcing the orders and judgments of their courts" extends to "the State's interest in forcing persons to transfer property in response to a court's judgment." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 718 (1996); *see also SKS & Assocs. v. Dart*, 619 F.3d 674, 677–83 (7th Cir. 2010) (affirming district court's dismissal where plaintiff "has

11

come to federal court with a constitutional claim for equitable relief that seeks to compel the state court to manage pending state cases — petitions for residential eviction orders — in a particular way"). And federal courts around the nation have accordingly abstained from exercising their jurisdiction in such cases.[2] As one such court explained,

> state courts are filled with thousands of summary eviction proceedings. In most of them the tenant seeks to delay the process as long as possible. If we accept the removal of these cases to federal court, we will not only overburden the federal system but will also completely emasculate the state structure for dealing with such disputes.

*Glen 6 Assocs., Inc. v. Dedaj*, 770 F. Supp. 225, 229 (S.D.N.Y. 1991). Applying these principles, the District Court abstained

---

[2]*See, e.g.*, *Homesales, Inc. of Del. v. Greene*, No. CV 10-3024-CL, 2010 WL 1630469, at *2–3 (D. Or. Mar. 25, 2010), *report and recommendation adopted on other grounds*, 2010 WL 1630468 (D. Or. Apr. 19, 2010); *CPG Fin. I, L.L.C. v. Shopro, Inc.*, No. 06-3015-CV-S-RED, 2006 WL 744275, at *4 (W.D. Mo. Mar. 22, 2006); *MRM Mgmt. Co. v. Ali*, No. 97 CV 1029(SJ), 1997 WL 285043, at *1 (E.D.N.Y. May 27, 1997); *Glen 6 Assocs., Inc. v. Dedaj*, 770 F. Supp. 225, 228–29 (S.D.N.Y. 1991).

Appellate Case: 13-3270    Page: 25    Date Filed: 01/16/2014 Entry ID: 4114536

from exercising jurisdiction in this eviction action, and did not abuse its discretion in doing so.

### A. Minnesota's statutory scheme for post-foreclosure eviction is better suited for state-court adjudication.

As the District Court observed, "[t]his post-foreclosure eviction action is a summary proceeding created by Minnesota state law (Minn. Stat. § 504B), the enforcement of which is tasked to Minnesota law enforcement personnel." (App. at 9.) *Accord* Minn. Stat. § 504B.001, subd. 4 (defining "eviction" as "a summary court proceeding to remove a tenant or occupant from or otherwise recover possession of real property by the process of law set out in this chapter"). The statutory scheme for post-foreclosure evictions clearly demonstrates a state legislative intent to adjudicate such matters on an expedited and summary basis, which cannot be done if adjudicated in federal court.

For example., once a complaint for eviction has been filed, the initial hearing must be held within 14 days of the issuance of the summons, which must be served on the defendant only 7 days

13

prior to the hearing. Minn. Stat. § 504B.321, subd. 1(d). At the court appearance, "the defendant may answer the complaint, and the court shall hear and decide the action, unless it grants a continuance of the trial" for no longer than six days without consent of the parties. Minn. Stat. § 504B.335(a).

Motions and discovery practice within an eviction proceeding are similarly expedited. Specifically, motions made by either party on the record can be heard by the court as soon as practicable, including immediately, in the Hennepin County and Ramsey County Housing Courts. And, importantly, the Minnesota Court of Appeals has made clear that even in those counties without housing courts, the statutory requirement for speed throughout Minnesota Statutes chapter 504B trumps the underlying provisions of the Minnesota Rules of Civil Procedure. *Value Properties, LLC v. Dunbar*, No. A12-0646, 2012 WL 5896824, at *1–2 (Minn. Ct. App. Nov. 26, 2012). Further, discovery must be cooperative and informal, and in the event of a discovery dispute,

14

the presiding judge or referee must guide discovery on an expedited basis. Minn. Gen. R. Prac. 612.

Further, if the plaintiff prevails, the court must immediately enter judgment for possession along with a writ of recovery of premises and order to vacate. Minn. Stat. § 504B.345, subd. 1(a). A Minnesota law-enforcement officer must then execute the writ and the defendant must vacate the premises within 24 hours. Minn. Stat. § 504B.365, subd. 1(a). Given the time periods set forth in the statute, Minnesota law thus contemplates the adjudication of the right to possession of property post-foreclosure to occur within a three-week period of initiating the action. As such, the District Court correctly noted that "Minnesota state district courts and the Hennepin and Ramsey County Housing Courts have a superior ability to handle efficiently the large volume of post-foreclosure eviction cases to which Freddie Mac is a party." (App. at 9–10.)

That the federal courts are not well suited to "vindicate and preserve" the interests that Minnesota's statutory scheme for

Appellate Case: 13-3270    Page: 28    Date Filed: 01/16/2014 Entry ID: 4114536

post-foreclosure eviction creates cannot be more clear. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S 1, 13 (1987) (quoting *Juidice v. Vail*, 430 U.S. 327, 336 n. 12 (1977)). Indeed, a process that is designed to occur in a matter of weeks may end up taking months if not years in federal court. [3] Such delay frustrates "the state courts' ability to perform their judicial functions." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. ___, slip op. at 7, No. 12–815, 2013 WL 6410850, at *6 (U.S. Dec. 10, 2013) (citing *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans ("NOPSI")*, 491 U.S. 350, 368 (1989)). When balancing "the federal interests in retaining jurisdiction over the dispute and the competing concern for the 'independence of state action,'" such delay points to a conclusion that "a dispute would best be adjudicated in a state

---

[3]The federal rules contemplate the adjudication of litigants' rights within a significantly more extensive time period as compared to an eviction action. For example, in a federal civil action, a defendant's initial response to a complaint is due, at the earliest, within 21 days after service of the summons and complaint — the same time period within which the Minnesota statutory scheme intends trial, decision, and execution to occur. *See* Fed. R. Civ. P. 12(a)(1)(A)(i).

16

forum," in which case abstention is appropriate. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 728 (1996) (citing *NOPSI*, 491 U.S at 363).

In addition, the federal judiciary's lack of a statutory or procedural mechanism for executing eviction judgments further supports the District Court's remand order. As stated previously, the enforcement of an eviction judgment is tasked solely to Minnesota law enforcement. *See* Minn. Stat. §§ 504B.345, subd. 1(a); 504B.365. But it is well established that a federal court cannot compel a state law-enforcement officer to execute its orders. *See Printz v. United States*, 521 U.S. 898, 935 (1997) (finding such commands "fundamentally incompatible with our constitutional system of dual sovereignty"). And if the United States Marshals Service were to be tasked with executing a federal court's eviction judgment, federal procedures for executing judgments would apply, and there is no federal-law analog for a state writ of recovery and order to vacate. The more likely result of a federal eviction judgment is that the prevailing litigant would

17

have to initiate an enforcement action in state court. Thus, an eviction judgment rendered by a federal court would create procedural hurdles and ambiguities that would likely result in significant inefficiencies, delays, and confusion, effects that the Minnesota statutory scheme undoubtedly intended to avoid.

In their brief, Appellants rely upon *Logan v. U.S. Bank N.A.*, 722 F.3d 1163 (9th Cir. 2013), for the proposition that abstention is not appropriate because a "state unlawful detainer action does not implicate 'important state interests.'" Appellants' Br. at 11 (citations omitted). However, that case is distinguishable for the following reasons. First, the plaintiff in *Logan* invoked a federal statute — the Protecting Tenants at Foreclosure Act of 2009 — when she "sought injunctive relief and damages . . . after the defendant filed an unlawful detainer action against her in state court without giving 90 days' notice to vacate the foreclosed property as required by the Act." 722 F.3d at 1165. Thus, the federal action was a separately filed case, parallel to the state unlawful-detainer action that was pending. Here, there was no

18

parallel state-court case — Appellants removed this eviction action to federal court. And, importantly, this case is not a landlord-tenant dispute. Further, there had been no determination that the state-court plaintiff was entitled to possession by the *Logan* court, and the court thus did not decide whether abstention would have been appropriate if such a determination had already occurred. *Id.* at 1169 n. 4 ("We do not take a position on whether U.S. Bank's unlawful detainer action would implicate an important state interest if U.S. Bank had already obtained a favorable judgment and Logan sought to enjoin its enforcement."). Here, the underlying foreclosure has already taken place and the certificate of sale evidencing Freddie Mac's right to possession against Appellants, the former owners of the property who are holding over, has already issued.

19

B.  **The Appellants and their attorney are attempting to use the federal courts as a means of frustrating Minnesota's statutory scheme.**

The District Court noted that this case "is an eviction action . . . similar to numerous other eviction actions that have been removed from state court to this court in recent months." (App. at 6; *accord* App. at 8 n. 1 ("this action is one of numerous post-foreclosure eviction actions that have been removed to this court in the last several months on the same removal grounds Defendants invoke here")). The Appellants' attorney, William B. Butler of Butler Liberty Law, has removed at least 62 post-foreclosure eviction actions filed by mortgage investors and lenders from Minnesota state court to the United States District Court for the District of Minnesota.[4] The District of Minnesota has

---

[4]*See Blaylock v. Wells Fargo Bank, N.A.*, 502 F. App'x 623 (8th Cir. 2013); *Kent v. Bank of Am., N.A.*, 518 F. App'x 514 (8th Cir. 2013); *Adorno v. CitiMortgage, Inc.*, 509 F. App'x 563 (8th Cir. 2013); *Dunbar v. WellsFargo Bank, N.A.*, 709 F.3d 1254 (8th Cir. 2013); *Welk v. GMAC Mortg., LLC*, 720 F.3d 736 (8th Cir. 2013); *Karnatcheva v. JPMorgan Chase Bank, N.A.*, 704 F.3d 545 (8th Cir. 2013); *Cartier v. Wells Fargo Bank, N.A.*, No. 12-2884 (8th Cir.); *Anderson v. CitiMortgage, Inc.*, No. 12-3032 (8th Cir.); *Welk*

*v. Bank of Am., N.A.*, No. 12-3219 (8th Cir.); *Xiong v. Bank of America, N.A.*, No. 12-3592 (8th Cir.); *Anderson v. CitiMortgage, Inc.*, No. 12-3835 (8th Cir.); *Robinson v. Bank of Am., N.A.*, No. 13-1443 (8th Cir.); *Stilp v. HSBC Bank USA, N.A.*, No. 13-1666 (8th Cir.); *Warner v. Chase Home Fin., LLC*, No. 13-1756 (8th Cir.); *DuBe v. Fed. Nat'l Mortg. Ass'n*, No. 13-1791 (8th Cir.); *Butler v. Fed. Nat'l Mortg. Ass'n*, No. 13-2081 (8th Cir.); *Welk v. Fed. Nat'l Mortg. Ass'n*, No. 13-2338 (8th Cir.); *Pope v. Fed. Home Loan Mortg. Corp.*, No. 13-2412 (8th Cir.); *Lee v. Fed. Nat'l Mortg. Ass'n*, No. 13-2460 (8th Cir.); *McGlory v. CitiMortgage, Inc.*, No. 13-2513 (8th Cir.); *Richter v. Fed. Nat'l Mortg. Ass'n*, No. 13-2524 (8th Cir.); *Quale v. Aurora Loan Servs., LLC*, No. 13-2555 (8th Cir.); *Schumacher v. Fed. Home Loan Mortg. Corp.*, No. 13-2570 (8th Cir.); *Thao-Xiong v. Am. Mortg. Corp.*, No. 13-2803 (8th Cir.); *Fed. Home Loan Mortg. Corp. v. Smith*, No. 13-2827 (8th Cir.); *Fed. Home Loan Mortg. Corp. v. Stone*, No. 13-2840 (8th Cir.); *Fed. Home Loan Mortg. Corp. v. Grantz*, No. 13-3088 (8th Cir.); *Fed. Home Loan Mortg. Corp. v. Briggs*, No. 13-3197 (8th Cir.); *Fed. National Mortg. v. Torborg*, No. 13-3334 (8th Cir.); *Fed. Home Loan Mortg. Corp. v. Gerdes*, No. 13-cv-744 (DSD/JSM) (D. Minn.); *Fed. Nat'l Mortg. Ass'n v. Guse*, No. 13-cv-801 (PJS/JSM) (D. Minn.); *Fed. Home Loan Mortg. Corp. v. Smith*, No. 13-cv-908 (JNE/AJB) (D. Minn.); *Fed. Home Loan Mortg. Corp. v. Stone*, No. 13-cv-970 (JNE/AJB) (D. Minn.); *Fed. Nat'l Mortg. Ass'n v. Bullock*, No. 13-cv-1202 (JNE/JJK) (D. Minn.); *Fed. Home Loan Mortg. Corp. v. Briggs*, No. 13-cv-1243 (MJD/AJB) (D. Minn.); *Fed. Home Loan Mortg. Corp. v. Xiong*, No. 13-cv-1333 (DWF/JJK) (D. Minn.); *Fed. Nat'l Mortg. Ass'n v. Mondragon*, No. 13-cv-1473 (PJS/JSM) (D. Minn.); *Fed. Home Loan Mortg. Corp. v. Grantz*, No. 13-cv-1490 (PJS/AJB) (D. Minn.); *Fed. Nat'l Mortg. Ass'n v. Torberg*, No. 13-cv-1522 (DWF/AJB) (D. Minn.); *Fed. Nat'l Mortg. Ass'n v. Willhite*, No. 13-cv-1534 (SRN/JSM) (D. Minn.); *Fed. Nat'l Mortg. Ass'n v. Xiong*, No. 13-cv-1948 (DWF/JSM) (D. Minn.); *Fed. Nat'l Mortg. Ass'n v. Yang*, No. 13-cv-2045 (MJD/AJB) (D. Minn.);

Appellate Case: 13-3270    Page: 34    Date Filed: 01/16/2014 Entry ID: 4114536

remanded many of those cases, and the remand orders were frequently appealed to this Court. *See* Order at 1 n. 1, *In re Butler*, No. 13-9013 (8th Cir. Dec. 26, 2013). This Court has affirmed the district court in each case that has gone to a decision, and notably, has upheld sanctions imposed in several of these cases. *See Blaylock v. Wells Fargo Bank, N.A.*, 502 F. App'x 623,

---

*Fed. Nat'l Mortg. Ass'n v. Cottrell*, No. 13-cv-2051 (SRN/JSM) (D. Minn.); *Fed. Nat'l Mortg. Ass'n v. Pliego*, No. 13-cv-2094 (RHK/AJB) (D. Minn.); *Fed. Home Loan Mortg. Corp. v. Ville*, No. 13-cv-2136 (MJD/JJK) (D. Minn.); *Fed. Nat'l Mortg. Ass'n v. Harvey*, No. 13-cv-2281 (DSD/JSM) (D. Minn.); *Fed. Home Loan Mortg. Corp. v. Xiong*, No. 13-cv-2312 (MJD/JSM) (D. Minn.); *Fed. Home Loan Mortg. Corp. v. Navarro Cardenas*, No. 13-cv-2356 (JRT/JJK) (D. Minn.); *Fed. Nat'l Mortg. Ass'n v. Gear-Fleury*, No. 13-cv-2389 (ADM/JJK) (D. Minn.); *Fed. Home Loan Mortg. Corp. v. Hood*, No. 13-cv-2634 (JNE/JSM) (D. Minn.); *Fed. Nat'l Mortg. Ass'n v. Von Grewe*, No. 13-cv-2720 (SRN/JJK) (D. Minn.); *Fed. Home Loan Mortg. Corp. v. Mitchell*, No. 13-cv-2821 (JRT/JSM) (D. Minn.); *Fed. Nat'l Mortg. Ass'n v. Marin-Yachyrema*, No. 13-cv-2823 (PJS/JJK) (D. Minn.); *Fed. Nat'l Mortg. Ass'n v. Foster*, No. 13-cv-2864 (SRN/JJK) (D. Minn.); *Fed. Nat'l Mortg. Ass'n v. Xiong*, No. 13-cv-2906 (JNE/JSM) (D. Minn.); *Fed. Nat'l Mortg. Ass'n v. Johnson*, No. 13-cv-2937 (MJD/JJK) (D. Minn.); *Fed. Nat'l Mortg. Ass'n v. Long*, No. 13-cv-3000 (DWF/JJK) (D. Minn.); *Fed. Nat'l Mortg. Ass'n v. Krawza*, No. 13-cv-3196 (SRN/JSM) (D. Minn.); *Fed. Nat'l Mortg. Ass'n v. Guevara*, No. 13-cv-3603 (JNE/JJK) (D. Minn.); *Fed. Nat'l Mortg. Ass'n v. Schmidt*, No. 13-cv-3620 (MJD/JJK) (D. Minn.).

22

624 (8th Cir. 2013) (affirming sanctions); *Kent v. Bank of Am., N.A.*, 518 F. App'x 514, 517 (8th Cir. 2013) (affirming sanctions); *Dunbar v. Wells Fargo Bank, N.A.*, 709 F.3d 1254, 1258–59 (8th Cir. 2013) (affirming sanctions); *Welk v. GMAC Mortg., LLC,* 720 F.3d 736, 738–39 (8th Cir. 2013) (affirming sanctions).

Mr. Butler's practices are simply not a good-faith exercise of his clients' right to be heard in a federal forum. They are, rather, a calculated and deliberate attempt to use the federal courts as a means of frustrating Minnesota's statutory scheme — often by resort to unwholesome tactics, as a federal district judge in another case recently found when ordering sanctions against Mr. Butler:

> When Butler's claims are finally challenged on the merits, he makes false representations and spins out contradictory and often absurd arguments in the apparent hope that their sheer weight and number, multiplied by the number of parties and claims, will overwhelm his opponents and the court. . . . Of course, while all of this drags on month after month, Butler collects fees from his clients, and his clients live rent-free in their homes.

Appellate Case: 13-3270    Page: 36    Date Filed: 01/16/2014 Entry ID: 4114536

*Welk v. GMAC Mortg., LLC*, 850 F. Supp. 2d 976, 981–82 (D.

Minn. 2012), *aff'd*, 720 F.3d 736 (8th Cir. 2013).

> Butler is a very smart and very aggressive lawyer. He
> does not suffer from lack of diligence or
> disorganization. He does not need a warning to clean
> up his act or a seminar on how better to manage his
> case load. Butler knows exactly what he is doing; he
> has deliberately chosen to bring hundreds of frivolous
> claims in the most burdensome manner possible, and
> he has repeatedly used deceptive and misleading
> tactics to delay their ultimate resolution.

*Id.* at 1004. This Court is well aware of Mr. Butler's tactics, and of

the sanctions against him: since he filed this appeal, this Court

has suspended Mr. Butler from practice, finding that he "did not

show any appreciation for the concerns raised by this court and

the District of Minnesota concerning the nature of his filings, but

attempted instead to reargue the same frivolous claims for which

he has been sanctioned." *In re Butler*, No. 13-9013 (8th Cir. Dec.

26, 2013).

The precedent that this appeal will establish, and the

resulting incentives or disincentives for forum-shopping, will

reach well beyond Mr. Butler and his clients. Indeed, the potential

24

for abuse is enormous if the federal court must hear and decide every eviction case that is removed. Further, the potential that such cases will burden (and perhaps overwhelm) the federal judiciary's limited resources, all while a streamlined, efficient, and experienced state-court system that is designed especially for such cases exists alongside, is significant. The abstention doctrine is available precisely in order to avoid such an absurd misallocation of federal and state power and resources.

## IV. THIS COURT SHOULD DISREGARD THE APPELLANTS' UNTIMELY AND INAPT "REQUEST FOR JUDICIAL NOTICE."

Several weeks after filing their brief, the Appellants also filed a paper styled "201 Request for Judicial Notice" (Dec. 23, 2013), accompanied by an exhibit from Mr. Butler's legal assistant Talitha Davey dated June 2013. The request is based, oddly, on the Minnesota Rules of Evidence, which don't apply in federal court — and, even in Minnesota, apply only in the trial court and not on appeal.

25

More to the point, the request does not comply with the rule that allows citation of supplemental authorities "after the party's brief has been filed." *See* Fed. R. App. P. 28(j) (citation of supplemental authorities). The "request" relates to information from November 2007, which the Appellants did not raise in the District Court. Even the affidavit that presents that information is dated June 19, 2013, more than five months before the Appellants' brief. This Court should therefore disregard the Appellants' untimely and inapt "request for judicial notice."

Appellate Case: 13-3270     Page: 39     Date Filed: 01/16/2014 Entry ID: 4114536

## Conclusion

Therefore, Appellee Federal Home Loan Mortgage Corporation respectfully asks that this Court affirm the District Court's judgment.

January 14, 2014.

DYKEMA GOSSETT PLLC

s/ Brian Melendez

_____

Brian Melendez
4000 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Ph. 612.486.1589
Fax 877.599.6688
bmelendez@dykema.com
Attorney for Appellee
    Federal Home Loan Mortgage
    Corporation

Appellate Case: 13-3270   Page: 40   Date Filed: 01/16/2014 Entry ID: 4114536

## Certificate of Compliance with Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 4,586 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft® Office Word 2010 in 14-point Century type.

DYKEMA GOSSETT PLLC

s/ Brian Melendez

_____

Brian Melendez
Attorney for Appellee
    Federal Home Loan Mortgage
    Corporation

Dated: January 14, 2014.

## Statement That Brief Is Virus-Free

Pursuant to 8th Cir. R. 28A(h)(2), the undersigned counsel states that this brief has been scanned for viruses and the brief is virus-free.

DYKEMA GOSSETT PLLC

s/ Brian Melendez

_____

Brian Melendez
Attorney for Appellee
    Federal Home Loan Mortgage
    Corporation

Dated: January 14, 2014.

## Certificate of Service

I hereby certify that on January 14, 2014, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

DYKEMA GOSSETT PLLC

s/ Brian Melendez

_____

Brian Melendez
Attorney for Appellee
    Federal Home Loan Mortgage
    Corporation

MSP01\121726.5
ID\BRM