# In the
# United States Court of Appeals
# For the Eighth Circuit

_____

Appeal Case No. 13-3270
_____

Federal Home Loan Mortgage Corporation,
*Respondent,*

vs.

Angelberto Contreras and Mayra Rodriguez,
*Appellant,*

John Doe and Mary Roe
*Defendants.*

_____

*On Appeal from the United States District Court for the
District of Minnesota in 0:13-cv-00897 (MJD/AJB)
(Hon. Ann D. Montgomery, U.S. District Court Judge)*

**APPELLANTS' REPLY BRIEF**

_____

Susanne M. Glasser
BUTLER LIBERTY LAW
33 South Sixth Street, Suite 4100
Minneapolis, MN 55402
Tel: (612) 630-5177
Fax: (612) 454-2651
*Counsel for Appellants*

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................ i

TABLE OF AUTHORITIES ......................................................................... ii

ARGUMENT ................................................................................................1

I. INTRODUCTION………...………………………………………………1

II. SUBJECT MATTER JURISDICTION CANNOT BE
    WAIVED………………………………………………………..………..…1

III. THE RIGHT TO POSSESSION IS NOT A FOREGONE
     CONCLUSION……………………………………………………………..4


CONCLUSION ............................................................................................6

## TABLE OF AUTHORITIES

**Cases**

*American Well Works v. Layne,*

241 U.S. 257 (1916)……………………………………………………………3

*Cameron v. Hodges,*

127 U.S. 322 (1888)…………………………………………………………..2

*Cimarron Village v. Washington,*

 659 N.W.2d 811 (Minn. App. 2003)…………………………………………6

*Federal Home Loan Mortgage Corp. v. Matassimo,*

911 F.Supp. 1276 (N.D. Ga. 2012)…………………………………………3,4

*Kern v. Standard Oil Co.,*

228 F.2d 699 (8th Cir. 1956)………………………………………………1,2

*Louisville & Nashville R.R. v. Mottley*,

211 U.S. 149 (1908)…………………………………………………………..3

*MCC Mortg. LP v. Office Depot, Inc.*

685 F.Supp.2d 939 (D. Minn. 2010)………………………………………..6

*Mitchell v. Maurer,*

293 U.S. 237 (1934)………………………………………………………...2

*Osborn v. Bank of the United States*,

9 Wheat (22 U.S) 738 (1824……………………………………………..3

**Statutes**

12 U.S.C. § 1452(f)……………………………………………………………..2,3

Minn. Stat. § 504B.335……………………………………………………………….5

Minn. Stat. § 504B.355……………………………………………………………..6

# ARGUMENT

## I. INTRODUCTION

In a brief full of surprising twists and utterly devoid of logic, Appellee argues that a district court determination as to whether it had jurisdiction is irrelevent and that in ay event, unlawful detainer actions ought to be the sole province of state courts. Appellee is wrong on both counts.

It is well-settled that a determination regarding subject matter jurisdiction cannot be waived, that it can be raised sua sponte by the court and cannot be ignored by the appellate court. A determination regarding subject matter jurisdiction is never irrelevant, as Appellee argues.

There is no authority for the proposition a post-redemption eviction is or ought to be solely the province of state court jurisdiction. Minnesota state policy is not disrupted or in danger of being disrupted if the federal court assumes the jurisdiction that the United States Congress has granted it with respect to cases involving Federal Home Loan Mortgage Corporation.

## II. SUBJECT MATTER JURISDICTION CANNOT BE WAIVED

The issue of a court's subject matter jurisdiction can be raised at any time and cannot be waived by the parties or ignored by the reviewing court. *Kern v. Standard Oil Co.*, 228 F.2d 699, 701 (8th Cir. 1956). "It is the duty of the

1

court, at all times and at any time during the pendency of the suit, when it is manifest ... that the case has been improperly removed into to federal court" to remand the case. *Id*. (citing *Cameron v. Hodges*, 127 U.S. 322 (1888)). A federal appellate court, in a case under review, must satisfy itself not only of its own jurisdiction, but also of that of the district court. *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934).

Here, the District Court never determined whether it had subject matter jurisdiction-- "[w]ithout deciding whether this action was properly removed under 28 U.S.C. § 1441 and 12 U.S.C. § 1452 (f), the Court is persuaded that abstention from exercising jurisdiction is appropriate." (APP 6).

Appellant does not argue that the court lacked jurisdiction, to the contrary, the court does clearly have jurisdiction. Federal courts have original jurisdiction over all civil actions in which Federal Home Loan Mortgage Corporation ("Freddie Mac") is a party. 12 U.S.C. § 1452(f). Appellant removed this case based on section 1452(f).

There can be no question or dispute that Congress has determined that this Court has original subject matter jurisdiction over this action:

> (f) Actions by and against the Corporation; jurisdiction; removal
> of actions; attachment or execution issued against the Corporation

2

> Notwithstanding section 1349 of title 28 or any other provision of law, (1) the Corporation shall be deemed to be an agency included in sections 1345 and 1442 of such title 28; (2) **all civil actions to which the Corporation is a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such actions, without regard to amount or value**;

12 U.S.C. § 1452(f) (emphasis added).

According to section 1452(f), every case involving Freddie Mac is a case arising "under the laws of the United States." Removal to this Court is therefore **a federal question.** U.S. Const. art. III, § 2 (federal judicial power extends to "all cases…arising under…the laws of the United States); 28 U.S.C. § 1331 (district courts shall have original jurisdiction…of all civil actions arising under the…laws…of the United States); *accord, Osborn v. Bank of the United States*, 9 Wheat (22 U.S) 738 (1824); *American Well Works v. Layne,* 241 U.S. 257 (1916); and *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149 (1908).

The Federal District Court of Georgia agreed with this very straightforward proposition in *Federal Home Loan Mortgage Corp. v. Matassimo,* 911 F.Supp. 1276 (N.D. Ga. 2012):

> Freddie Mac has not pointed to any statutory provision, piece of legislative history, or case (binding on this court or otherwise) that indicates that §

3

1452(f)(3) should be read so as to deprive defendants Freddie Mac has sued in state court of their traditional removal rights. Therefore, the court concludes that Freddie Mac has not met its burden for a motion for reconsideration to show that the court made a clear error of law in its prior order. The court is unmoved from its prior position that Congress unambiguously gave the federal courts original subject matter jurisdiction over all civil actions, suits, and proceedings in which Freddie Mac is the plaintiff.

*Id.* at 1281.

At issue is here is the fact that the District Court refused to make a determination regarding jurisdiction. Instead, it abstained from exercising jurisdiction that it never determined it had. Because a determination regarding subject matter jurisdiction cannot be waived, Appellant did not waive this issue by failing to present it to the magistrate in the District Court. The District Court clearly erred by failing to make a determination on this issue.

### III. THE RIGHT TO POSSESSION IS NOT A FOREGONE CONCLUSION

Freddie Mac argues that an eviction proceeding is essentially a formality, and that it has the right to possession without proving anything. This is a blatant misstatement of the law. First, there is NOTHING special, significant or unique about an eviction proceeding that distinguishes it from any other civil proceeding: "[t]he proceedings in the action are the same as in other civil actions…" Minn. Stat. § 504B.335. The Minnesota District Court recently concluded as well that there is no difference between an eviction case and any other civil matter:

4

In its earlier Order, the Court *sua sponte* questioned whether the nature of this eviction proceeding deprives it of subject-matter jurisdiction. Several courts have concluded that they lack jurisdiction over eviction actions because "there is no authorization for summary adjudication of rent and possession actions contained within the Federal Rules of Civil Procedure or authorized by any other statute governing federal court procedures." *CPG Fin. I, L.L.C. v. Shopro, Inc.,* No. 06-3015, 2006 WL 744275, at *3 (W.D.Mo. Mar. 22, 2006); *accord, e.g., Harvard Real Estate-Allston, Inc. v. KMART Corp.,* 407 F.Supp.2d 317, 320-23 (D.Mass.2005); *United Mut. Houses, L.P. v. Andujar,* 230 F.Supp.2d 349, 354 (S.D.N.Y.2002); *MRM Mgmt. Co. v. Ali,* No. 97-CV-1029, 1997 WL 285043, at *1 (E.D.N.Y. May 27, 1997); *Glen 6 Assocs., Inc. v. Dedaj,* 770 F.Supp. 225, 227-28 (S.D.N.Y.1991).

Key to these cases was the limited nature of eviction proceedings under the laws of the states in which they arose. For instance, the Missouri statutes at issue in *CPG* did not require the filing of a formal pleading to institute the action; did not provide for discovery or a trial by jury; and required the matter to be handled on an expedited basis. 2006 WL 744275, at *2 (citing Mo. Rev. Stat §§ 535.010, .020, .030). The same was true of the New York statutes discussed in *Andujar, Ali,* and *Glen 6.* By contrast, the Minnesota statutes governing eviction proceedings are broader.

Although Minnesota Statutes Section 504B.001 defines an "eviction" as "a *summary* court proceeding to remove a tenant or occupant or otherwise recover possession of real property" (emphasis added), such actions do not bear the traditional hallmarks of "summary" proceedings. A summary proceeding is a "nonjury proceeding that settles a controversy or disposes of a case in a relatively prompt and simple manner." *CPG,* 2006 WL 744275, at *2 (quoting Black's Law Dictionary 1222 (7th ed. 1999)); *accord, e.g., N.H. Fire Ins. Co. v. Scanlon,* 362 U.S. 404, 406, 80 S.Ct. 843, 4 L.Ed.2d 826 (1960) ("Summary trials ... may be conducted without formal pleadings, on short notice, without summons and complaints, generally on affidavits, and sometimes even ex parte."). Eviction actions in Minnesota, however, are required to be commenced by a complaint, and the defendant must be served with a summons. Minn.Stat. § 504B.321, subd. 1(a), (c). The defendant may file an answer, *id.* § 504B.335(a), and more importantly, either party may demand a trial by jury, *id.* § 504B.335(b). Although such actions typically are resolved in a short timeframe, continuances are permitted, *id.* § 504B.341, and the losing party may appeal, *id.* § 504B.371. Simply put,

eviction actions in Minnesota are handled in precisely the same fashion as "other civil actions." *Id.* § 504B.335(c).

*MCC Mortg. LP v. Office Depot, Inc.* 685 F.Supp.2d 939, 945 (D. Minn. 2010).

For this reason, resolution of the allegations in the complaint is a prerequisite to a judgment. Minn. §504B.355; *Cimarron Village v. Washington,* 659 N.W.2d 811, 817 (Minn. App. 2003). It is not, as Freddie Mac argues, a disruption of the Minnesota statutory scheme if an eviction case is heard in federal court. An eviction proceeding is a garden variety civil matter. A federal court is fully capable of entertaining a Minnesota eviction proceeding.

## CONCLUSION

The appeal in the case is ripe for determination by this Court. Appellant did not waive a determination of whether the district court had subject matter jurisdiction; indeed, it is error for the district court to refuse to make this determination. The district court erred when it abstained from exercising jurisdiction. The District Court decision should be reversed.

Dated:   January 30, 2014						BUTLER LIBERTY LAW, LLC

s/Susanne M. Glasser  
Susanne M. Glasser (#272978)  
33 South Sixth Street  
Suite 4100  
Minneapolis, Minnesota  55402  
(612) 630-5177  

*ATTORNEY FOR APPELLANTS*

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. App. P. 25 and Circuit Rule 25A(a) , I hereby certify that on the 30th day of January, 2014, I caused the foregoing brief to be filed with the Clerk of Court through the Court's CM/ECF system, which will serve electronic copies on all registered counsel.

/s/ Susanne M. Glasser  
Susanne M. Glasser  
Counsel for Appellants

# CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P. 32(A)(7)(C)

Pursuant to Fed. R. App. P. 32(a)(7)(C), I hereby certify that the foregoing brief complies with the type-volume limitation set forth in Fed. R. App. P. 32(a)(7)(B)(i). The textual portion of the foregoing brief (exclusive of the tables of contents and authorities, certificates of service and compliance, but including footnotes) contains 1,915 words as determined by the word counting feature of Microsoft Word. The font used is Times New Roman at 14-point type.

Under 8th Circuit Rule 28A(h), I also certify that the Brief and accompanying Addendum have been scanned for viruses and are virus-free.

/s/ Susanne M. Glasser
Susanne M. Glasser

Counsel for Appellants